**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jay HOFFMAN, Defendant—Appellant.**

No. 02–50008.

D.C. No. CR–99–01312–RMT–01.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Dec. 16, 2002.

As amended on denial of Rehearing and Rehearing en banc Feb. 24, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before HALL, THOMPSON and WARDLAW, Circuit Judges.

## MEMORANDUM**

Jay Hoffman appeals his sentence imposed following his guilty plea to aiding and abetting wire fraud in violation of 18 U.S.C. §§ 2 and 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

▮ Hoffman contends the district court erred by imposing a two-level enhancement for obstruction of justice under USSG section 3C1.1. USSG section 3C1.1 provides for a two-level increase in a defendant's offense level when the defendant has "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense" and the obstructive conduct relates to the instant offense.

Hoffman concedes in his brief to this court that he should have reported his two trust accounts containing in excess of $300,000. He also does not dispute the district court's finding that he misrepresented to the United States Probation Office ("USPO") his payment history as to a settlement agreement with two of his vic-

tims. Furthermore, although he contends he omitted other resources because they were "corporate" resources that he did not think required disclosure, he used these "corporate" resources to pay for personal expenditures during the reporting period.

In its Findings of Fact and Conclusions of Law, the district court correctly found that Hoffman's failures to disclose "impeded the USPO's ability to fully and accurately assess the defendant's financial resources by failing to provide a complete and accurate listing of all assets owned by him or under his control."

Nor do we discern any error in the court's finding that Hoffman's numerous failures to disclose were willful and constituted a breach of the plea agreement. Moreover, because Hoffman's misrepresentations and failures to disclose were material to the computation of his monthly restitution payments and the possibility of a fine, the court did not err in imposing a two-level increase pursuant to USSG section 3C1.1.

▮ Hoffman also contests $150,000 of the $807,180 restitution order as to two "relevant conduct" victims (Charles Hinesley and Mark Rofeh), arguing that there was no factual basis for the order as to these victims. We disagree.

Under the Victim and Witness Protection Act ("VWPA"), a court, upon consideration of a victims' loss and the financial resources, earning ability, and needs of the defendant and his dependents, may order restitution for violations of Title 18. 18 U.S.C. § 3664(a) (1995).[1] "[A] victim of an

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. The statute was amended by the Mandatory Victims Restitution Act of 1996, Pub.L. No.

104–132, §§ 201–211, 110 Stat. 1214, 1227–41 (amending 18 U.S.C. § 3663 et seq., effective April 24, 1996). Given the dates of Hoffman's offenses, we apply the former version to avoid violating the Ex Post Facto Clause.

offense that involves as an element a scheme, a conspiracy, or a pattern of criminal activity means any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* § 3663(a)(2). Hoffman's wire fraud conviction included "a scheme" as an element. *Id.* § 1343 (1995 & 2002). The Presentence Report and its addenda (collectively, "the PSR"), which included information supplied by the Assistant United States Attorney ("AUSA") and the Federal Bureau of Investigation ("FBI"), indicated that Hinesley and Rofeh were defrauded in the same manner as the other wire fraud victims and were victims of the defendant's misconduct. The district court did not abuse its discretion in considering this evidence. *See United States v. Marin-Cuevas,* 147 F.3d 889, 895 (9th Cir. 1998) ("A district court judge's determination that a particular item of evidence is sufficiently reliable is reviewed for abuse of discretion."). Nor did the district court clearly err in finding that Hinesly and Rofeh, as victims of Hoffman's scheme, were entitled to restitution for their losses. *See id.* (A "reviewing court should affirm the district court's factual determination unless the district court clearly erred.")

■ Finally, Hoffman contends that the restitution order is excessive because it improperly fails to give full effect to two settlement agreements he made with his victims. The applicable statute reads:

Any amount paid to a victim under an order of restitution shall be set off against any amount later recovered as compensatory damages by the victim in—

(A) any Federal civil proceeding; and

(B) any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3663(e)(2) (1995).[2]

Hoffman's proposed interpretation of this statute is foreclosed by *United States v. Cloud,* 872 F.2d 846 (9th Cir.1989). In *Cloud,* we held that because there is no independently enforceable right to restitution, a victim cannot "waive" such a right by settling with a defendant. *Id.* at 854. Thus, the *Cloud* court affirmed a restitution order of $7.5 million, notwithstanding the petitioner's settlement agreement with a victim for $1.5 million. *Id.* at 853–54. Hoffman's victims did not receive "double recovery." The settlements with his victims for less than the full amount of their losses did not prevent the district court from ordering restitution that would fully compensate them.[3] *Id.* at 854 & n. 10.

The judgment of the district court is hereby AFFIRMED.

---

*See United States v. Baggett,* 125 F.3d 1319, 1322 (9th Cir.1997).

2. The amended statute sets forth substantially similar language at 18 U.S.C. § 3664(j)(2).

3. Although there was a $1000 error in the district court's calculation of the amount owed to victims Don Brown and Rick Roney,

the error has been forfeited because Hoffman did not raise that claim of error in the district court or in this appeal. Moreover, the error is *de minimis* given the factual findings supporting the total amount of loss, the restitution order, and Hoffman's substantial concealment of assets in his attempt to obstruct justice.